# Bones *v.* The State.

*Indictment for using Abusive or Insulting Language.*

1. *Using abusive or insulting language before the family of another; sufficiency of evidence.*—In a prosecution for going sufficiently near the dwelling house of another person and using abusive and insulting language in the presence or hearing of the family of the occupant thereof, it is not necessary, to authorize a conviction, that the entire family should be present or within hearing when the language was used; but if used in the presence or hearing of two or more members of the family, there is a violation of the statute (Cr. Code of 1886, § 4031; Cr. Code of 1896, § 4306), and a conviction should be had.

APPEAL from the County Court of Bibb.

Tried before the Hon. N. H. THOMPSON.

The facts of the case are sufficiently stated in the opinion.

W. S. CARY, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State, cited Cr. Code of 1886, § 4031; *McVay v. State*, 100 Ala. 112.

McCLELLAN, J.—The affidavit charges that the defendant "did enter into or go sufficiently near the dwelling house of James Tarrant, and did make use of abusive

or insulting language within the hearing of the family of James Tarrant." The evidence shows that the de- fendant did enter into or go sufficiently near said house, and did there make use of abusive or insulting language within the hearing of the defendant, his wife and several of his children, but that two of his children were not at home that day. On this state of the case the defendant asked the following charges : "(2.) The court further instructs the jury that they should acquit the defendant provided the evidence shows that abusive or insulting language was made use of within the hearing of some and not all the members of James Tarrant's family." "(3.) The court instructs the jury that it is their duty to acquit the defendant provided the evidence shows that any member of James Tarrant's family did not hear any abusive or insulting language." These charges were severally refused, and the rulings of the court thereon are insisted upon here as erroneous.

The statute under which the prosecution is had pro- vides : "Any person who enters into or goes sufficiently near the dwelling house of another, and in the presence or hearing of the family of the occupant thereof, or any member of his family, uses abusive and insulting langu- age," etc., "must on conviction be fined," etc.—Cr. Code of 1886, § 4031 ; Cr. Code of 1896, § 4306. And the question is, what is meant by the word "family" in this section? A family, ex vi termini, must be more than one person. Hence the provision of the statute for the protection of any member of the family. With- out such provision it would be no offense to use the in- terdicted language in the presence of one member of the family. But it by no means follows that to fill the other provision of the statute all the members of the occu- pant's family should be present. There is no room for saying, we think, that the occupant, his wife and sev- eral children did not constitute a family in the sense of the statute merely because two of his children were not present. To so hold would be a technicality of construc- tion which the words of the statute do not require, and which is essentially repugnant to the manifest purposes of the enactment. In ordinary acceptance, husband, wife and several children at the time present constitute a family, and as such are as much under the protection

[Burks v. The State.]

of the statute as if every member of the family was present. We accordingly hold that the county court properly refused each of said charges ; and its judgment must be affirmed.

Affirmed.